Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ruby Jean Anderson<br><br>Plaintiff,<br>v.<br><br>Law Offices of Sidney Mickell and Ray Welch.<br><br>Defendant. | Case Number: C 08 4464 EMC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

ORIGINAL

1 to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Ruby Jean Anderson, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Offices of Sidney Mickell, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair

Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391(c).

### PARTIES

10. Plaintiff is a natural person who resides in the City of Fremont, County of Alameda, State of California.

11. Defendant Law Offices of Sidney Mickell (Mickell) is from the City of Montclair, the County of San Bernardino, and the State of California.

12. Defendant Ray Welch (Welch) is from the City of Montclair, the County of San Bernardino, and the State of California.

13. Welch is an agent or employee of, or otherwise associated with, Mickell in a business relationship such that the actions of one Defendant are vicariously the actions of the other, and Plaintiff incorporates all theories of vicarious liability with this Complaint, including, but not limited to, respondeat superior.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendants conduct business within the State of California.

21. Sometime before February 21, 2006, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before February 21, 2006, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. On or about February 21, 2006, a judgment was entered in Alameda County, Small Claims Court, Alameda County, CA against Plaintiff and in the amount of $3,940.28.

26. Subsequently, on or about April 16, 2007, as part of the consideration on an agreement to pay the alleged debt in full, Plaintiff made a payment against this judgment for $750.00.

27. On or about April 18, 2007, Plaintiff entered into an agreement with the holder of the February 21, 2006 judgment to the effect that Plaintiff would pay said judgment holder $3,600.00 over eighteen months, and that thereafter, said judgment would be paid in full.

28. Subsequently, Plaintiff paid this as agreed through bank withdrawals.

29. Sometime before August 21, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

30. On or about June 18, 2008, Defendants wrote a letter to Plaintiff in which they claimed the balance due on the alleged debt was $426.28, a figure that corresponded with the April 18, 2007 agreement made between Plaintiff and the holder of the judgment.

31. Subsequently, once the entire amount agreed to in the April 18, 2007 agreement was paid in full, Defendants continued to demand additional money. Through this conduct, Defendant was attempting to an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

32. On or about August 12, 2008, Plaintiff telephoned Defendants and explained that she had paid the agreed amount in full and owed nothing more. Defendants stated they now wanted "interest" in an amount of over $400.00.

33. During this August 12, 2008 conversation, Defendants also stated that if Plaintiff did not pay the amount demanded, Defendants would report the judgment as being "unsatisfied."

34. Through this conduct, Defendant was attempting to an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

35. Subsequently, Plaintiff followed up this conversation with a letter again advising Defendants that this debt was paid in full and that any "interest" was not proper.

36. On or about August 12, 2008, Plaintiff sent to Defendants written correspondence, by certified mail, in which Plaintiff advised Defendants that she did not owe any further debt and that she wanted Defendants to stop contacting her. Subsequently, Defendants refused delivery on this correspondence.

37. On or about August 27, 2008, Plaintiff again sent to Defendants written correspondence, this time by facsimile, in which Plaintiff advised Defendants that she did not owe any further debt and that she wanted Defendants to stop contacting her. This facsimile was received by Defendants.

38. Subsequently, but later in the day on August 27, 2008, Defendants, through Defendant Welch, telephoned Plaintiff. In this communication to Plaintiff Defendants acknowledged that they had received the facsimile, that Plaintiff stilled owed additional money, that Plaintiff owed ten percent interest, and that if Plaintiff failed to pay the money demanded, Defendants would file paperwork indicating the debt was "unsatisfied."

39. In reality, Plaintiff did not owe the ten percent demanded.
40. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.
41. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ.

48. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
49. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
50. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32

51. An award of actual damages pursuant to California Civil Code § 1788.30(a);
52. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
53. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: _____

**Hyde & Swigart**

By: _____
Joshua B. Swigart
Attorneys for the Plaintiff